# IN THE DISTRICT COURT FOR THE DISTRICT OF KANSAS
# KANSAS CITY DIVISION

| | | |
|---|---|---|
| APRIL WEST | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| | ) | |
| METCALF FINE ARTS | ) | |
| BUILDING LLC | ) | |
| and | ) | **JURY DEMAND** |
| SCOTT EDWARD SMITH | ) | |
| Defendants | ) | |

## COMPLAINT
___

COMES NOW, Plaintiff in the above-captioned action, who files this Complaint against the Defendants and in support thereof shows the following:

### I. JURISDICTION AND VENUE

1. The Plaintiff April West ("April") is a resident and citizen of Leawood, Johnson County, Kansas.

2. The Defendant Metcalf Fine Arts Building LLC ("Metcalf Fine Arts") is a limited liability company organized under the laws of the State of Kansas. Metcalf Fine Arts is a resident and citizen of Overland Park, Johnson County, Kansas.

1

3.     The Defendant Scott Edward Smith ("Scott") is a resident and citizen of Overland Park, Johnson County, Kansas.

4.     A very substantial portion of the events that form the basis for this cause of action took place in Overland Park, Johnson County, Kansas.

5.     Pursuant to 28 U.S.C.A. §§ 1331 and 1391, this district and division possesses and maintains subject matter jurisdiction and venue over this case.

## II. FACTUAL ALLEGATIONS REGARDING THE DEFENDANT'S CONDUCT

6. Paragraphs 1-5 are hereby incorporated as if fully restated herein.

7. According to Johnson County property records, Metcalf Fine Arts owns the building located at 16010 Metcalf Avenue, Overland Park, Johnson County, Kansas ("Metcalf Building"). This building is open to the general public during customary business hours each day.

8. According to the Kansas Secretary of State, Scott owns and/or manages Metcalf Fine Arts and serves as the resident agent.

9. On at least two occasions since March 1, 2023, April and her associates approached the Metcalf Building seeking to do business with one or more businesses located within the Metcalf Building.

7. Each time April approached the Metcalf Building, she was dismayed to find that the building was not accessible for her to enter because April must use a power wheelchair to transport herself from place to place.

8. On several occasions, one or more businesses that operate with the Metcalf Building advised April that the building was not wheelchair accessible and that there were no specific plans to provide for wheelchair accessibility for the building.

3

## III. CAUSES OF ACTION

## COUNT ONE

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

9. April relies upon the factual assertions in Paragraphs 1-8 in support of the following cause of action.

9. April asserts that she is a person with a disability as defined in 42 U.S.C.A. § 12102 in that she is permanently limited in the major life activity of walking such that she must use a power wheelchair to transport herself from place to place.

10. April asserts that the Metcalf Building is a commercial facility as defined in 42 U.S.C.A. § 12181(2) and a public accommodation as defined in 42 U.S.C.A. § 12181(7)(F).

11. April asserts that, according to Johnson County property records, the Metcalf Building was constructed for first use approximately 2022 – 2023.

12. April asserts that Scott individually and through Metcalf Fine Arts operates, manages, and supervises all aspects of the operation and function of the Metcalf Building.

13. April asserts that Scott and Metcalf Fine Arts constructed the Metcalf Building without providing for full wheelchair access throughout the building, in violation of the Americans with Disabilities Act, Title III, 42 U.S.C.A. § 12182, *et. seq.*

14. April asserts that Scott and Metcalf Fine Arts operate and manage the Metcalf Building without providing for full wheelchair access throughout the building, in violation of the American with Disabilities Act, Title III, 42 U.S.C.A. § 12182, *et. seq.*

## WHEREFORE, THE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:

1. That the Defendants be served with process and be required to answer within the time allowed by law;

2. That the Plaintiff be awarded a judgment against the Defendants for compensatory damages in an amount provided by law;

3. That the Defendants be required to take prompt corrective action to make the Metcalf Building fully wheelchair accessible throughout the building;

4. That the Plaintiff be awarded her attorney fees against the Defendants;

5. That the Plaintiff be awarded her reasonable costs;

6. That the plaintiff be awarded such other, further relief to which she may be entitled.

/s/ Thomas H. West
Respectfully submitted
THOMAS H. WEST, KS Bar ID: 29164
Attorney for the Plaintiff
P. O. Box 532
Gardner, KS 66030-0532
Phone: (913) 249-2900
E-mail: thwest60@gmail.com